**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LINDSEY LICARI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RENA HUGHES, MARY KAY HOLTHUS, ELIZABETH GONZALEZ, MARK DENTON, ROB BARE, TREVOR ATKIN, JIM CROCKETT, STATE BAR OF NEVADA, SHUMWAY VAN LTD, JENNINGS AND FULTON LTD, LIPSON NEILSON LTD, NEVADA SECRETARY OF STATE, DEBBIE CONWAY, ATTORNEY GENERALS OFFICE, LVMPD,<br><br>　　　　Defendants. | 2:20-cv-02114-GMN-VCF<br><br>**ORDER** |

　　　　Before the Court are Defendant Lipson Neilson P.C.'s Emergency Motion to Stay Discovery (ECF NO. 60) and Joinders to Motion Stay Discovery (ECF Nos. 62, 64, 65, and 66).

**LEGAL STANDARD**

　　　　When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED.R.CIV.P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (*citing Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (*citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982). Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether

a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

Under LR7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

Here, no opposition has been filed and the time to file an opposition has passed. It would seem as though Plaintiff has consented to the granting of the instant motion.

## DISCUSSION

Defendant's Motion to stay is granted on the merits. After a "preliminary peek" and in light of the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases, the Court finds that the Motion to Dismiss has merit and Defendant has demonstrated good cause to stay discovery.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendant Lipson Neilson P.C.'s Emergency Motion to Stay Discovery (ECF NO. 60) and Joinders to Motion Stay Discovery (ECF Nos. 62, 64, 65, and 66), are GRANTED. In the event resolution of Defendant's motion to dismiss (ECF No. 28) does not result in the disposition of this case, the parties must file a new joint discovery plan within 21 days of the issuance of the order resolving that motion.

IT IS FURTHER ORDERED that the hearing on the motion to stay discovery and case management conference, scheduled for 11:00 AM, March 4, 2021, is VACATED.

DATED this 1st day of March, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE