**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LINDSEY LICARI, | )<br>) |
| Plaintiff, | ) Case No.: 2:20-cv-02114-GMN-VCF |
| vs. | )<br>) **ORDER** |
| RENA HUGHES, *et al.*, | )<br>) |
| Defendants. | )<br>) |

Pending before the Court is the Motion to Dismiss, (ECF No. 12), filed by Defendant Lipson Neilson PC ("Lipson Neilson"), and joined by Defendant Shumway Van, Ltd. ("Shumway Van"), (ECF No. 16). Pro se Plaintiff Lindsay Licari ("Plaintiff"), filed a Response, (ECF No. 17), and Lipson Neilson filed a Reply, (ECF No. 34).

Also pending before the Court is the Motion to Dismiss, (ECF No. 19), filed by Defendants Judge Rena Hughes, Judge Mary Kay Holthus, Judge Elizabeth Gonzalez, Judge Mark Denton, Judge Rob Bare, Judge Trevor Atkin, and Justice Kristina Pickering (collectively, "Judicial Defendants"). Plaintiff filed a Response, (ECF No. 37), and the Judicial Defendants filed a Reply, (ECF No. 41).

Also pending before the Court is the Motion to Dismiss, (ECF No. 19), filed by Defendant Daryl McCloskey. Plaintiff filed a Response, (ECF No. 37), and Defendant McCloskey filed a Reply, (ECF No. 41).

Also pending before the Court is the Motion to Dismiss, (ECF No. 22), filed by Defendant Jennings & Fulton, Ltd. ("Jennings & Fulton"). Plaintiff filed a Response, (ECF No. 45), and Jennings & Fulton did not file a Reply.

Also pending before the Court is the Motion to Dismiss, (ECF No. 23), filed by Defendant State Bar of Nevada ("State Bar"). Plaintiff filed a Response, (ECF No. 45), and the State Bar did not file a Reply.

Also pending before the Court is the Motion to Dismiss, (ECF No. 28), filed by Defendant Clark County Recorder Debbie Conway ("Defendant Conway"). Plaintiff filed a Response, (ECF No. 45), and Defendant Conway filed a Reply, (ECF No. 49).

Also pending before the Court is the Motion to Dismiss, (ECF No. 73), filed by Defendants Aaron Ford, Lenora Mueller, and the Nevada Commission on Judicial Discipline (collectively "State Defendants"). Defendants State Bar and Shumway Van join, (ECF Nos. 75, 76). Plaintiff filed a Response, (ECF No. 77), and the State Defendants filed a Reply, (ECF No. 79).

Also pending before the Court is Plaintiff's Motion to Recuse the undersigned, (ECF No. 18). Defendant Lipson Neilson and the Judicial Defendants filed Responses, (ECF Nos. 36, 37), to which Defendant Shumway Van joins, (ECF No. 38). Plaintiff did not file a Reply.

Also pending before the Court are Plaintiff's Motions for Preliminary Injunction, (ECF Nos. 33, 42, 47, 48.). Lipson Neilson, the Judicial Defendants, Defendant Conway, and the State Bar, filed Responses, joined by Jennings & Fulton and Shumway Van, (ECF Nos. 39, 40, 41, 44, 52, 53, 54, 55, 56, 57). Plaintiff filed a Reply, (ECF No. 59).

Finally, pending before the Court are Plaintiff's Motions for Writ of Arrest, (ECF Nos. 58, 78). Lipson Neilson and the Judicial Defendants filed Responses, (ECF Nos. 67, 68, 81, 82, 83), and Plaintiff filed a Reply, (ECF No. 69).

For the following reasons, Plaintiff's Motion for Recusal is **DENIED**, all of the Motions to Dismiss are **GRANTED**, Plaintiff's Motions for Preliminary Injunction are **DENIED**, and Plaintiff's Motions for Writ of Arrest are **DENIED**.

//

## I. BACKGROUND

This case arises out of the purchase of a residential property located at 9564 Scorpion Track Ct., Las Vegas, NV 89178 ("the Property"). (Second Amended Compl. ("SAC") at 22 of 23, ECF No. 10). Plaintiff mainly claims that her husband-at-the-time Bobby Antee and real estate agent Linda Naw, neither of whom are named in this action, fraudulently induced her to finance the purchase of the Property while simultaneously leaving her off the title. (*See generally* SAC, ECF No. 10). As a result, Plaintiff initiated several actions in state court to obtain quiet title to the Property and a favorable divorce settlement, some of which are still pending. (*Id.*).[1] Plaintiff now brings this case against the judges, government officials, and attorneys that she interacted with during the legal disputes concerning the Property, seemingly because she is dissatisfied with the outcome of the judicial proceedings and government investigations into her claims. (*See* SAC 5 of 23).

## II. LEGAL STANDARD

### A. Motion to Recuse

Generally, absent a legitimate reason to recuse, "a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (citing *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985); *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000)). "We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal." *Id.* Any claim of alleged bias and prejudice on the part of the judge must "stem from an extrajudicial source" and must result in an "opinion on the merits" based on something other than what the judge has garnered from the pleadings and motions in the case. *United States v. Grinnel Corp.*, 384 U.S. 563, 583 (1966); *see also Liteky v. United States*, 510 U.S. 540, 554–56 (1994) (discussing the

---

[1] The Eighth Judicial District Court of the State of Nevada has declared Plaintiff a vexatious litigant. (*See* Request for Judicial Notice, ECF No. 70).

"extrajudicial source" doctrine with regard to the disqualification of a federal district court judge). Allegations of bias warranting recusal of a judge must contain specific facts to support this position. *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* at 1454 (quoting *Liteky*, 510 U.S. at 554–56); *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.").

Furthermore, counsel cannot, for reason of disqualification, name a judge in a new lawsuit with the purpose of disqualifying her from the instant case. While a judge cannot act in her own case, neither may counsel file "specious pleadings" solely for the purpose of disqualifying her. *Ely Valley Mines, Inc. v. Lee*, 385 F.2d 188, 191 (9th Cir. 1967), *superseded on other grounds*, *In re Mortgages Ltd.*, 771 F.3d 623 (9th Cir. 2014).

Two statutes apply to judicial recusal. First, 28 U.S.C. § 144 states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The judge against whom recusal is sought determines the legal sufficiency of the motion. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). The statutory mandate to "proceed no further" applies only after the court determines the legal sufficiency of the affidavit. *Id.* Second, 28 U.S.C. § 455 specifically governs the instances and circumstances for disqualification.

**B. Motion to Dismiss**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on

which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

### A. Motion to Recuse

In her Motion to Recuse, Plaintiff requests that the undersigned recuse pursuant to Nevada Code of Judicial Conduct Rule 2.11, which states: "[a] judge shall disqualify himself or herself in any proceeding in which a judge's impartiality might reasonably be questioned . . . ." (Mot. Recuse 1:23–24, ECF No. 18). The crux of Plaintiff's argument is that because the undersigned has previously heard a case involving Defendant Judge Rena Hughes, the undersigned may not hear this case. (*Id.* 3:10–12).

As an initial matter, because Plaintiff is acting pro se, the Court will construe her pleadings liberally.[2] Therefore, the Court will consider Plaintiff's Motion to Recuse as invoking 28 U.S.C. § 455, which states: "[a]ny justice, judge, or magistrate of the United States shall disqualify [her]self in any proceedings in which [her] impartiality might reasonably be questioned." However, the mere fact that a judge has previously presided over a case involving a party who is also named in the present case does not require recusal. *See, e.g.*, *Garity v. Donahoe*, No. 2:11-cv-01895-RFB-CWH, 2014 WL 4354115, at *2 (D. Nev. Sept. 3, 2014) ("Judges do not have to recuse themselves simply because they have heard prior cases involving the same litigant."). Other than conclusory allegations, Plaintiff provides no substantive claim or evidence of impartiality on the part of the undersigned resulting from a prior case involving Defendant Judge Rena Hughes. Accordingly, the Court denies Plaintiff's Motion for Recusal.

### B. Motions to Dismiss

In her Second Amended Complaint, Plaintiff alleges claims against all Defendants under 42 U.S.C. § 1983. To state a successful § 1983 claim, a plaintiff must (1) allege a violation of a constitutional right or federal law and (2) show that the alleged violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Here, Plaintiff fails to successfully state a § 1983 claim for any of the Defendants who have moved to dismiss, either because the Defendants are immune from suit, no constitutional or federal violation was actually alleged, or the Defendants are not state actors. The Court will address each of these arguments in turn.

---

[2] The Court is obligated to hold a pro se litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The pleadings of a pro se litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the pro se litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

**1. Immunity from § 1983 Claims**

   *i. Judicial Defendants and Defendant McCloskey*

Plaintiff attempts to bring a suit under 42 U.S.C. § 1983 against the Judicial Defendants and Defendant McCloskey in their official and individual capacities, based on a barrage of unsubstantiated claims of constitutional rights violations. (*See generally* SAC, ECF No. 10). Specifically, Plaintiff argues that Defendants refused to consider her state court filings, retaliated against her for filing state court pleadings, ignored evidence, and failed to grant her requested remedies. (SAC at 11–13 of 23). Plaintiff now seeks damages and injunctive relief against all Defendants. (*Id.* at 22 of 23). In response, the Judicial Defendants and Defendant McCloskey move to dismiss Plaintiff's claims because (1) 42 U.S.C. § 1983 bars Plaintiff's official capacity claims; (2) absolute judicial immunity bars Plaintiff's individual capacity claims against the Judicial Defendants; and (3) discretionary-act immunity bars Plaintiff's individual capacity claim against Defendant McCloskey. (Mot. Dismiss, 8:19–20, 10:12–13, ECF No. 19)

   *A. Official Capacity Claims under § 1983*

State officers sued in their official capacity for damages are not "persons" for purposes of an action under § 1983, so "generally, they may not be sued under the statute." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *Williams v. Las Vegas Metro. Police Dep't*, No. 2:14-cv-414-APG-PAL, 2014 WL 6473616, at *2 (D. Nev. Nov. 17, 2014). Put differently, "[a] suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." *Will*, 491 U.S. at 70. The Eleventh Amendment renders states immune from this type of suit, unless the state explicitly waives its immunity or a state official is sued in his or her official capacity for injunctive relief. *See* U.S. Const. amend XI; *Will*, 491 U.S. at 71 n.10.

In the present case, Plaintiff's claims against the Judicial Defendants and Defendant McCloskey in their official capacities for damages are barred by the Eleventh Amendment because Defendants are not "persons" for purposes of a § 1983 action. *See Will*, 491 U.S. at 70–71; *Williams*, 2014 WL 6473616, at *2. However, Plaintiff's claims for injunctive relief are not barred by the Eleventh Amendment. *See Will*, 491 U.S. at 71. Nonetheless, Plaintiff's claims for injunctive relief against the Judicial Defendants[3] in their official capacity are still impermissible because "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, Plaintiff claims neither that a declaratory decree was violated nor that declaratory relief was unavailable.

### *B. Individual Capacity Claims Against the Judicial Defendants*

While the Eleventh Amendment does not bar § 1983 suits against state officials in their individual capacities, state officials sued as individuals are protected by absolute immunity when performing judicial or prosecutorial functions pursuant to state law. *See Chalkboard Inc. v. Brandt*, 902 F.2d 1375 (9th Cir. 1989), *cert. denied*, 498 U.S. 980 (1990). Judges enjoy absolute immunity from civil liability under § 1983, even if their action was in error, done maliciously, or in excess of their authority. *Meeks v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Judicial immunity applies unless the challenged conduct is accompanied by a clear absence of all jurisdiction or where the challenged conduct is not judicial in nature. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Courts determine whether an act is judicial in nature by considering whether: (1) the act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around the case pending before the judge;

---

[3] The Complaint does not implicate Defendant McCloskey in any request for injunctive relief.

and (4) the events at issue arose out of confrontation with the judge in his or her official capacity. *Meeks*, 183 F.3d at 967.

Here, Plaintiff's claims against the Judicial Defendants stem solely from her disagreement with their acts or omissions in presiding over cases in which she was a party. For example, Plaintiff faults the Judicial Defendants for rejecting her evidence of alleged mortgage fraud and argues that awarding attorney's fees to her opponents was "a criminal act." (Resp. to Mot. Dismiss 26:17–22, 34:2–4, ECF No. 45). Further, Plaintiff's allegations involve normal judicial functions arising from events occurring in the judges' chambers, such as considering evidence, ruling on motions, or holding hearings. In fact, Plaintiff's complaint boils down to a personal dissatisfaction with the rulings made in her various cases. Mere dissatisfaction with conduct that is clearly judicial in nature cannot equate to a violation of federal law, and certainly does not entitle Plaintiff to relief under § 1983. Accordingly, all of the Judicial Defendants' conduct implicated in Plaintiff's Complaint is judicial in nature, and thus, the Judicial Defendants are immune from suits against them in their individual capacities. *See Meeks*, 183 F.3d at 965–67 (9th Cir. 1999).

*C. Individual Capacity Claims Against Defendant McCloskey*

Plaintiff explains that she filed a complaint with Defendant McCloskey, a compliance officer at the Nevada Real Estate Division, to investigate Linda Naw's conduct throughout the purchase of the Property. (SAC at 15 of 23). Plaintiff argues that Defendant McCloskey should not have closed the investigation after determining that her claim was unsubstantiated. (*Id.*). In response, Defendant McCloskey asserts that Plaintiff's claim against him is barred by discretionary function immunity. (Mot. Dismiss 10:12–11:18, ECF No. 19).

Nevada has generally waived some of its sovereign immunity under Nevada Revised Statutes ("NRS") § 41.031. One exception to that waiver is discretionary function immunity. *See* NRS § 41.032(2). Nevada's discretionary function immunity statute provides that "no

action may be brought" against a public officer "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved is abused." NRS § 41.032(2). The Supreme Court of Nevada has "adopted the *Berkovitz-Gaubert* test enunciated by the United States Supreme Court for determining whether acts fall within the scope of discretionary-act immunity." *Paulos v. FCH1, LLC*, 456 P.3d 589, 595 (Nev. 2020) (en banc) (citing *Martinez v. Maruszczak*, 168 P.3d 720 (Nev. 2007) (en banc)). To give rise to discretionary act immunity, the conduct at issue "must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy." *Id.* (quotation omitted).

In the present case, Defendant McCloskey's actions are subject to discretionary function immunity because the decision to close an investigation involves both individual judgment and policy considerations. *See, e.g.*, *Foster v. Washoe Cty Soc. Servs.*, 114 Nev. 936, 941–42 (1998) (finding that decisions made during a state agency's investigation are discretionary functions). Accordingly, the Court grants Defendant McCloskey's and the Judicial Defendants' Motion to Dismiss, (ECF No. 19), because they are immune from suit under § 1983. [4]

### ii. Defendant State Bar

Plaintiff asserts a § 1983 claim against the State Bar, arguing that it "conspired . . . to deprive [her] of the damages and restitution owed to [her], and the right to [her] property and basic human rights," but she fails to further explain this statement. (SAC at 6 of 23). It appears to the Court that Plaintiff's complaint stems from the State Bar's refusal to discipline the attorneys involved in her state-court proceedings, who are also named as co-defendants in the present case. Regardless of the substance of Plaintiff's claims, the State Bar moves to dismiss the Second Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ.

---

[4] Because the Judicial Defendants and Defendant McCloskey's Motion to Dismiss is granted based on immunity from suit, amendment would be futile, and thus, the complaint against them is dismissed with prejudice.

P. 12(b)(1), arguing that it is immune from suit under the Eleventh Amendment. The Court agrees. (Mot. Dismiss 4:20–25, ECF No. 23).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity . . . against one of the United States by Citizens of another State. . . ." U.S. Const. amend XI. The Supreme Court has interpreted the Eleventh Amendment to give states immunity from claims brought against them in federal court under 42 U.S.C. § 1983. *Will*, 491 U.S. 66¬67. As discussed above, this bar extends to suits against state agencies and state officials sued in their official capacities for damages. *Id*. at 71; *Pena v. Gardner*, 976F.2d 469, 473 (9th Cir. 1992).

In the present case, the State Bar is a Nevada state agency, and is thus immune from suit under the Eleventh Amendment. *See O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) ("the state bar is the investigative arm of the Supreme Court of Nevada, charged with investigating and disciplining the legal profession of the state, and as such an agency, it too is immune from suit in federal court under the eleventh amendment"). Because Nevada has not otherwise waived its Eleventh Amendment immunity for § 1983 claims, the Court grants the State Bar's Motion to Dismiss, (ECF No. 23). *See also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (affirming dismissal of constitutional claims in a § 1983 case against a Nevada state agency on Eleventh Amendment grounds).[5]

### 2. § 1983 Constitutional Violation Requirement

#### i. *State Defendants and Defendant Conway*

While it is difficult to decipher the exact arguments set out against each Defendant, Plaintiff generally argues that Defendant Conway and the State Defendants denied her of "life, liberty, and property without due process of law" and violated the First, Fifth, Eighth, Ninth

---

[5] Because the State Bar's Motion to Dismiss is granted based on immunity from suit, amendment would be futile, and thus, the complaint against it is dismissed with prejudice.

and Fourteenth Amendments. (SAC at 5 of 23, 8 of 23). Further, Plaintiff alleges that Defendant Conway and the State Defendants failed to take action when she reported fraud and misconduct related to her property and marital disputes. (*Id.* at 6 of 23, 8 of 23). Both Defendant Conway and the State Defendants argue that the claims against them should be dismissed because Plaintiff has not alleged a sufficient constitutional violation. (Mot. Dismiss 3:13–6:9, ECF No. 28); (Mot. Dismiss, 4:14–5:3, ECF No. 73).

To state a successful § 1983 claim, a plaintiff must first allege a violation of a constitutional right or federal law. *West*, 487 U.S. at 49 (emphasis added). In the present case, Plaintiff has failed to allege any such violation against Defendant Conway and the State Defendants. Plaintiff does methodically recite lists of constitutional amendments throughout her complaint, but fails to identify any specific or articulable facts demonstrating how these amendments apply to her case or how Defendants violated them. Conclusory allegations unsubstantiated by fact will not survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). Therefore, the Court grants Defendant Conway and the State Defendants' Motions to Dismiss, (ECF Nos. 28, 73).

### 3. § 1983 State Actor Requirement

*i. Defendants Lipson Neilson, Jennings & Fulton, and Shumway Van*

As above, Plaintiff's Second Amended Complaint alleges ambiguous § 1983 claims against Lipson Neilson, Jennings & Fulton, and Shumway Van. (*See* SAC at 4). However, private parties, including private attorneys, are not considered to be state actors for § 1983 purposes. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003)

("Plaintiff cannot sue [opposing] counsel under § 1983, because he is a lawyer in private practice who was not acting under color of state law."). Since Lipson Neilson, Jennings & Fulton, and Shumway Van are all private law firms, and there is no evidence to suggest that any of them were ever acting under color of state law, Plaintiff cannot sustain a § 1983 claim against them. Thus, the Court grants their Motions to Dismiss, (ECF Nos. 12, 22).[6]

### b. CONCLUSION

**IT IS HEREBY ORDERED** that the Motions to Dismiss, (ECF Nos. 12, 19, 22, 23, 28, and 73), are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Preliminary Injunction, (ECF Nos. 33, 42, 47, 48), are **DENIED as moot**.[7]

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Writ of Arrest, (ECF Nos. 58, 78), are **DENIED**.[8]

**DATED** this __29__ day of June, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[6] Because Lipson Neilson, Jennings & Fulton, and Shumway Van are private actors, any amendment would be futile, and thus, the complaint against them is dismissed with prejudice.

[7] Plaintiff submitted four filings styled as Motions for Preliminary Injunction, (ECF Nos. 33, 42, 47, 48), but each Motion is essentially a recitation of the same facts and allegations in her Second Amended Complaint. Because all of the parties implicated in the Motions for Preliminary Injunction have either been dismissed from this action, or were never named as parties to begin with, the Court denies the Motions for Preliminary Injunction as moot.

[8] Plaintiff filed two motions styled as Motions for Writ of Arrest, (ECF No. 58, 78). The first Motion asks the Court to issue a writ of arrest for Bobby Antee, Linda Naw, Nikki Bott, Drew Levy, Melissa Parker, and Melanie Trainor, none of whom are parties to this case. (*See* Mot. Writ Arrest 6:23–7:1, ECF No. 58). The Second Motion is essentially a duplicate of Plaintiff's previously filed Motions for Preliminary Injunction. (*Compare* Mot. Writ Arrest, 4:2–5, ECF No. 78, *with* Mot. Prelim Inj. 3:2–26, ECF No. 33, *and* Mot. Prelim. Inj. 4:5–9, ECF No. 42). Accordingly, the Court denies both Motions for Writ of Arrest.